EDWARD F. BROWNING *against* THE HOME INSURANCE COMPANY OF COLUMBUS, OHIO.

(Decided December 4th, 1876.)

Where a fire insurance policy provides that an omission on the part of the assured to make known to the insurer *every fact material to the risk* shall avoid the policy, the failure of the assured to disclose facts in regard to the property about which no inquiry is made of him, even though they are material to the risk, will not (in the absence of fraud) avoid the policy.

Where a policy of fire insurance provided that if the property insured (a dwelling-house) should be sold or transferred, or any change take place in the title or possession, whether by legal or voluntary transfer thereof, the policy should be void : *Held*, that the policy was not avoided by the fact that the insured made a contract for the sale of the property, but which was not consummated before a loss occurred.

Where a dwelling-house was insured against fire, " loss, if any, payable to (the plaintiff) mortgagee : " *Held*, that statements made by the assured after a loss were not admissible against the mortgagee in an action on the policy.

APPEAL by defendant from a judgment of this court entered on the verdict of a jury for $4,904 56, directed by Judge LOEW at trial term. The facts are fully stated in the opinion.

*Convers & Lyman,* for appellant.

*Thomas B. Hewitt,* for respondent.

LARREMORE, J.—On May 13th, 1872, the defendant issued its policy to Moses J. Wicks, insuring him against loss or damage by fire to the amount of $4,000, " on his two-story and attic frame, filled in to peak with brick, dwelling-house," situated, &c., in the city of Brooklyn, L. I. Loss, if any, payable to E. F. Browning (the plaintiff), mortgagee.

No application, survey, plan, or other description of the premises insured, was referred to in said policy or produced

on the trial. Nor is it shown that any further inquiry or representation was made as to the condition, situation, or occupancy of the property, save that contained in the policy itself. It was therein provided that if the property were sold or transferred, or any change took place in title or possession, whether by legal or voluntary transfer thereof, said policy should be void.

The premises were vacant and unoccupied at the time of such insurance, and so remained until destroyed by fire, May 29th, 1872. On May 18th, 1872, Wicks entered into an executory contract with one Bowman for the sale of said premises to him by a deed of warranty on June 18th, 1872, and, in pursuance of this agreement, Bowman paid $500 to the brokers who effected the sale. On the trial defendant offered to prove that, subsequent to the fire, and on June 28th, 1872, Wicks commenced an action against Bowman to recover damages for breach of said contract. The court excluded the testimony under defendant's exception.

The stipulations and conditions annexed to the policy provide, *inter alia*, that any false representation by the assured of the condition, situation, or occupancy of the property, or *any omission to make known every fact* material to the risk, &c.; or if the premises insured became vacant or unoccupied, and so remained more than thirty days, without notice to and consent of the insurer in writing, then, in either case, said policy should be void.

Defendant offered testimony upon the point whether it was material to the risk to know that the building insured was or was not occupied at the time. This testimony was excluded, on the ground that no inquiries had been made by the insurer as to such fact, to which ruling the defendant's counsel duly excepted. As has been already stated, no written application by the insured was shown to have been made. Nor was there, nor could there have been, any false representation as to the occupancy of the property, for no inquiries upon that subject were suggested.

Was the description of the premises in the policy *as a dwelling-house* a warranty that it was then so occupied? If so the defendant was entitled to a verdict, for it is conceded that the premises were vacant when the policy was issued.

On the authority of *Sarsfield* v. *Metropolitan Ins. Co.* (61 Barb. 479), I must hold that the description of the property as a dwelling-house was a warranty that the same was to be used as'such exclusively. But it does not follow from this that such warranty covers the fact of actual occupancy, without some statement or representation to that effect (*Wall* v. *East River Mutual Ins. Co.* 7 N. Y. [3 Seld.] 370 ; *Wood* v. *Hartford Fire Ins. Co.* 13 Conn. 544).

In *O'Neil* v. *Buffalo Fire Ins. Co.* (3 N. Y. 122), the premises insured were described *as occupied* by a certain individual as a private dwelling, and it was held that there was no warranty that such occupancy should continue.

All that can be claimed as expressly warranted by the description in this policy, is that the property insured was a house built for the purpose of being dwelt in or inhabited, and there is no proof to the contrary.

It is the privilege and right of the insurer to make inquiries as to all facts material to the risk, and the insured is not (in the absence of fraud) responsible for an omission to state other facts to which his attention was not directed.

In the language of Judge Jewett, the applicant for insurance "has a right to suppose that the insurer, in making inquiries in respect to particular facts, deems all others to be immaterial to the risk to be taken, or that he takes upon himself the knowledge, or waives information of them" (*Gates* v. *Madison Co. Mutual Ins. Co.* 5 N. Y. 475).

The exceptions upon this point are therefore overruled.

The other ground of appeal relates to the effect of the executory contract of sale of May 18th, 1872, in avoiding the policy. The forfeiture could only attach if the property was sold or transferred, or any change took place in its title or possession. Until the agreement was consummated, there could be no such change of ownership as was contemplated by the parties to the policy. The authorities cited by appellant's counsel sustain this proposition. In *Lappin* v. *Charter Oak Fire & Marine Ins. Co.* (58 Barb. 325), the assured died intestate, the property descended to his heirs, and there was a complete change of title. The case of *Keeney* v. *Home Ins. Co.* (3 N. Y. S. C. Reports

Browning v. The Home Insurance Company of Columbus, Ohio.

[Thompson & Cook], 478), decides that a receiver of copartnership property cannot maintain an action for its loss because the transfer of its title to him was in violation of the policy sued upon.

It was the peculiar language of the contract that distinguished *Germond* v. *Home Ins. Co.* (5 N. Y. S. C. [T. & C.] 120), whereby a forfeiture occurred if the property was sold or conveyed, *or the interest of the parties therein* changed. In that case it was held that the *change of interest* worked the forfeiture.

Judge Allen, in *Savage* v. *Howard Ins. Co.* (52 N. Y. 502), reviews all the authorities upon this point, and points out the distinction between the word "property"—the thing "insured"—and the interest of the insured in it. In the light of that decision, the appellant's exception is lost, and the theory advanced that a mere executory contract of sale of property insured is in violation of the policy restriction against a sale or transfer, or of a change in the title or possession thereof, fails.

The statements or admissions of Wicks after the fire, as to the sale and delivery of possession of the premises and when defendant's liability was fixed, were properly excluded. Up to the time of loss, no conveyance or change of possession thereby was attempted to be shown, and the declaration or act of Wicks, whose interest was then adverse to, could not bind or prejudice the plaintiff. His right of action had then accrued, for his mortgage was then outstanding, and the loss, if any, by the terms of the policy, was payable to him.

The judgment appealed from should be affirmed.

Van Hoesen and Joseph F. Daly, JJ., concurred.

Judgment affirmed.*

* Affirmed in the Court of Appeals, Dec. 21st, 1877.